### In re HOLLEY PERFORMANCE PRODUCTS, INC., et al., Debtors.

**Holley Performance Products, Inc., et al., Plaintiffs**

v.

**United States of America, Defendant(s).**

Bankruptcy No. 1:09–bk–13333–PJW.

Misc. No. 11–90002.

Adversary No. 1:11–ap–51120–PJW.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Sept. 29, 2011.

Justin Wolosz, Patricia Chen, Ropes & Gray, Boston, MA, for Plaintiffs.

Charles M. Flesch, Anne E. Blaess, Trial Attorneys, Tax Division, U.S. Department of Justice, Washington, DC, Defendant.

Lisa DeJaco, Wyatt, Tarrant & Combs LLP, Louisville, KY, for Crowe Horwath LLP.

## ORDER

JOAN A. LLOYD, Bankruptcy Judge.

This matter is before the Court on Emergency Motion for Protective Order or to Quash or Modify Subpoena ("Emergency Motion") filed by Plaintiffs Holley Performance Products, Inc., et al. Plaintiffs seek a protective order or an order quash-ing or modifying the subpoena issued by Defendant United States of America ("USA") on a non-party, Crowe Horwath LLP ("Crowe"). For the following reasons, the Court will deny the Plaintiffs' Emergency Motion.

The background facts are set out in the Emergency Motion and will not be recited herein. The Court, however, finds the following critical to its determination:

1. This is a Miscellaneous Proceeding instituted by the USA to compel Crowe to comply with a subpoena issued out of this Court for the production of documents in connection with an adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware.

2. The subpoena required the production of documents on September 9, 2011 and a deposition under Fed.R.Civ.P. 30(b)(6) on October 4, 2011. Crowe served its responses and objections to the subpoena on August 23, 2011, but did not file a privilege log as set forth in Fed.R.Civ.P. 45(d)(2).

3. On August 31, 2011, the USA instituted this Miscellaneous Proceeding for the specific purpose of compelling Crowe to comply with the subpoena.

4. On September 6, 2011, the Court held a hearing on the matter. Plaintiffs, Crowe and the USA were represented by counsel at the hearing. Following the hearing this Court issued an Order granting USA's Motion to Compel Crowe's compliance with the subpoena.

5. Crowe provided the requested documents on September 12, 2011. Crowe provided a CD–ROM with the documents and another CD–ROM marked "privilege asserted by Holley." Plaintiffs contend that 19 of the documents are privileged and produced a privilege log pertaining to these documents. Plaintiffs contend some of the documents, referred to as the "Ropes Documents," reflect confidential le-

gal advice to the Plaintiffs by their counsel and are protected by the attorney-client privilege. The remaining documents, referred to as the "Crowe Documents," are documents related to strategic tax advice provided by Crowe to the Plaintiffs concerning the effect of the Plaintiffs' bankruptcy filing on its tax liability.

6. On September 12, 2011, Plaintiffs filed the Emergency Motion. The Court held a hearing on the Emergency Motion on September 26, 2011. The Court reviewed all of the filings by the parties and considered the arguments of counsel for all the parties at the hearing held on the matter.

### *LEGAL ANALYSIS*

■ Plaintiffs contend that Crowe timely served its objections to the subpoena when it responded on August 23, 2011. Plaintiffs, however, did not object or assert any kind of privilege before this Court until after this Court entered its Order enforcing the subpoena on September 6, 2011, compelling Crowe's compliance with the subpoena. The Court has already decided this issue and will not reconsider its September 6, 2011 ruling.

The Plaintiffs could have requested an extension of time to claim privilege regarding the documents requested or file a motion to quash. Many of the documents requested were in Plaintiffs' possession since they were generated by its counsel or its accountant. Instead, Plaintiffs filed a Motion for a Protective Order with the Delaware Bankruptcy Court. The Delaware Court has yet to rule on that Motion. The subpoena at issue, however, was issued out of this Court and properly within the jurisdiction of this Court when the Order was entered enforcing the subpoena.

■ The Court notes that even if the Plaintiff had sought timely relief from the subpoena before this Court, it is doubtful the claims would have been successful. The work product privilege would not have applied as the documents claimed to be covered by the privilege were not prepared in anticipation of litigation. The documents were, however, apparently prepared in anticipation of the claims process in the bankruptcy case. The existence of a bankruptcy case does not necessarily equate to litigation. It was not until February 2011 that litigation between the USA and the Plaintiffs was initiated.[1] There is no work product privilege for accountants, nor is there an accountant-client privilege. *United States v. Arthur Young & Co.,* 465 U.S. 805, 817–19, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984).

Plaintiffs contend that the Ropes Documents are subject to the attorney-client privilege. In support of this claim, Plaintiffs rely on the Sixth Circuit case *New Phoenix Sunrise Corp. v. C.I.R.,* 408 Fed. Appx. 908, 919, 2010 WL 4807077 at *8 (6th Cir.2010), an unpublished opinion. Under Fed. R.App. Proc. 32.1, a party is permitted to cite to any federal judicial opinion issued after January 1, 2007. However, unpublished opinions are not binding precedent in this Circuit. *Bell v. Johnson,* 308 F.3d 594, 611 (6th Cir.2002).

■ Unfortunately for the Plaintiffs, the legal memorandum dated August 24, 2010 from Plaintiffs' attorneys to the Plaintiffs was protected by the attorney-client privilege until it was released to Brent Smith of Crowe. *See, Trussel Declaration* at paragraphs 9–10. At that point, the document was no longer privileged. *In re Columbia/HCA Healthcare Corp. Billing Prac-*

---

1. The Court notes that the USA was not in the same position as every other creditor in the bankruptcy. Most creditors have knowledge of the amount of their claim. The govern-

ment, however, relies on taxpayers to accurately state their income and calculate the ensuing tax.

*tices Litigation,* 293 F.3d 289, 294 (6th Cir.2002). The document was also not protected from disclosure under 26 U.S.C. § 7525. Information furnished to a preparer of a tax return for the purpose of preparing the return is not privileged. *See, United States v. Frederick,* 182 F.3d 496, 500 (7th Cir.1999).

The Court previously ruled on the enforceability of the USA subpoena when it issued its Order on September 6, 2011, compelling Crowe to comply with the subpoena. The Plaintiffs did not timely assert a privilege objection to the documents nor did they request an extension of time to prepare a privilege log based on the privilege it now claims to the documents. For the reasons set forth in this Order, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Emergency Motion for a Protective Order or to Quash or Modify Subpoena filed by Plaintiffs Holly Performance Products, Inc., et al., be and hereby is, **DENIED.**